## WILLIS, Guar. v PEFFERS

Ohio Appeals, 2nd Dist, Darke Co

No 545. Decided February 2, 1939

Wilbur D. Spidel, Greenville, for defendant-appellant.

Goubeaux & Goubeaux, Greenville, for plaintiff-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court decreeing a deed of George Peffers to Clara Peffers, defendant, dated August 14, 1936, to be void. The appeal is submitted on a brief statement of facts from which it appears that George Peffers executed and delivered his deed of general warranty to Clara Peffers his daughter, for 80 acres of land in Darke County, Ohio, for a recited consideration of $1.00, love and affection and other valuable consideration. Following the description of the real estate in the deed was this language:

"This conveyance is in confirmation of the warranty deed signed by grantor September 24, 1935, duly witnessed and attested and left in escrow with George A. Katzenberger, to be delivered after the death of the grantor."

June 26, 1936 an application was filed in the Probate Court, Darke County, for the appointment of a guardian of the person and property of George Peffers alleging him to be an incompetent person. George Peffers and his daughter, Clara Peffers, the defendant, were duly notified of the pendency of said application and time of hearing thereon. The deed in question was made after the foregoing notice. October 26, 1936, George Peffers was declared to be an incompetent person and the plaintiff was appointed guardian of his person and property. These facts were set out in the petition of plaintiff together with averments of fraud against defendant and the Court found for plaintiff by reason of §10507-4, GC (b) 2 * * * which provides "From the service of such notice" (the time and place of the hearing on the application for appointment of guardian)

"as to all persons having notice of such proceeding, no sale, gift, conveyance or encumbrance shall be valid, of the property of such incompetent, * * * ."

300

This finding was reduced to judgment and this appeal prosecuted.

The only claim urged by the appellant in the court below and here against the relief sought is that the deed under consideration was but a confirmation of an escrow deed which had theretofore been delivered by George Peffers to his daughter, Clara Peffers.

There was no evidence of the existence of the former deed except the statement in the latter deed which we have heretofore quoted.

The trial judge held properly that the statement in the second deed could have no effect whatever to prevent the application of the terms of §10507-4 GC, which rendered the second deed void.

Obviously the former deed is not affected favorably or unfavorably by the deed under consideration in this action nor could the existence of a former deed in any wise affect the application of the plain provisions of §10507-4 GC.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.